Argued and submitted April 29, order vacated and remanded December 30, 2009

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## CHESTER ALLEN WASHEE,
*Defendant-Respondent.*

Umatilla County Circuit Court
CF070061; A136014

225 P3d 95

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Senior Assistant Attorney General.

Ernest G. Lannet, Deputy Public Defender, argued the cause for respondent. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

In this pretrial appeal, the state challenges a trial court order granting defendant's motion to admit evidence under OEC 412.[1] Defendant was charged with sodomy, sexual abuse, and coercion after an incident with the complainant, a developmentally disabled 15-year-old boy. Defendant moved to admit evidence of the complainant's past sexual behavior involving an eight-year-old boy, asserting that the proffered evidence is relevant to show that the complainant had a motive to falsely accuse him of the charged offenses. The trial court granted the motion. We conclude that the proffered evidence is only conditionally relevant and that the trial court did not engage in the process required by OEC 412(4)(b) to determine whether the condition of fact is fulfilled. Accordingly, we vacate the court's order and remand for further proceedings.

The facts of this case are not extensive.[2] Defendant and the complainant agree about the initial events on the day of the alleged offenses, but their stories later diverge. They agree that, on February 7, 2007, the complainant sneaked out of his family's house at approximately 6:00 p.m. The complainant encountered defendant, who was 54 years old, near the Umatilla River levee. The two stole some beer and drank it together. Their stories diverge at that point. According to the complainant, defendant forced him to perform oral sex for approximately five seconds. According to defendant, the encounter ended when the complainant tried to kiss him, and defendant told him to leave and threatened to call the police if he did not do so.

The complainant's father, who had been searching for the complainant around the Pendleton area, found him at about 1:00 the next morning. The complainant appeared to

---

[1] OEC 412(2)(b) provides, in material part, that, in a prosecution for certain sex offenses, including sodomy and sexual abuse, "evidence of a victim's past sexual behavior other than reputation or opinion evidence" is admissible if the evidence "[r]elates to the motive or bias of the alleged victim[.]"

[2] The trial court did not take evidence or make factual findings concerning the events on the day of the alleged offenses. The "facts" that we recount here are drawn from the parties' assertions at the pretrial hearing.

be intoxicated. Five days later, on February 13, the complainant told his father that defendant had forced him to perform oral sex. The father called the police, and defendant was arrested and charged with two counts of first-degree sodomy, ORS 163.405, two counts of first-degree sexual abuse, ORS 163.427, one count of third-degree sodomy, ORS 163.385, and one count of coercion, ORS 163.275.

Before trial, defendant sought discovery of Umatilla County Youth Services records relating to the complainant. The trial court reviewed the requested records *in camera* and concluded that some of the documents were relevant and discoverable. It provided defendant and the prosecutor with copies of the discoverable documents under a protective order that limited use of them to this prosecution. The court sealed the original documents and included them in its file for this case. The documents that the court provided to the parties included a police report indicating that school officials and, later, the police had investigated whether the complainant had engaged in sexual conduct with an eight-year-old boy, D.

Defendant filed a pretrial motion under OEC 412 to introduce evidence of the complainant's past sexual behavior, arguing that the evidence would show that the complainant had a motive to fabricate the allegations against him. Defendant asserted that the complainant had engaged in sexual conduct with D, that he was under investigation for that conduct when he made the allegation against defendant, and that he was ultimately adjudicated to be within the jurisdiction of the juvenile court as a result of that conduct. According to defendant, the complainant was in trouble at home because of the alleged sexual incident with D and for sneaking out of the house and getting drunk. Defendant argued that the complainant's problems at home gave him a motive to fabricate the allegation against defendant, thereby casting himself as a victim and deflecting blame away from himself. Accordingly, he sought to introduce evidence at trial that the complainant (1) "was being investigated for sexually inappropriate behavior at the time the instant allegations were made"; (2) "had manifested homosexual sexual interests"; and (3) "was found to be within the jurisdiction of the juvenile court" as a result of the sexually inappropriate behavior.

The trial court held a hearing on defendant's motion. A different judge presided at the hearing than had reviewed the Umatilla County Youth Services records and issued the protective order disclosing some of the records to the parties. At the hearing, the state argued that the police investigation into the complainant's alleged sexual behavior with D did not begin until March 22, 2007, well after the complainant made the allegation that defendant had forced him to perform oral sex. The state argued that a nonexistent investigation could not have given the complainant a motive to fabricate the allegation against defendant. The state also asserted that the complainant had never been adjudicated as a result of any conduct with D. Twice during the hearing, the state urged the trial court to review the Youth Services records, arguing that they showed that no sexual conduct between the complainant and D had ever occurred and that the complainant had never been adjudicated in a case involving D. The state also argued that the probative value of defendant's proffered evidence was outweighed by the danger of unfair prejudice.

As the parties were concluding their arguments, the court asked whether any witnesses would be called at the hearing. Both defense counsel and the prosecutor stated that there would not. The court asked, "So it's strictly a matter of law for the Court?" Defense counsel stated that it was; the prosecutor did not make a verbal response. The court then asked if there was anything further from either side. The prosecutor reiterated her argument that the "investigation that would have led [the complainant] to be in trouble at home or have any motive" did not happen until well into March. The court responded by asking whether D had, at any time, told school staff that the complainant had "kissed him and touched his privates[.]" The prosecutor checked the reports and then responded that D had initially "said no" and then, "after March 21st, a month and a half later," told the counselor that the complainant had kissed him and touched his privates.

The trial court granted defendant's motion. It did not elaborate on its reasoning, stating only that it found that defendant's "argument has more persuasive force." The court issued a written order providing:

"IT IS HEREBY ORDERED that the Defendant may provide the trier of fact with evidence of the Child-Complainant's prior sexual behavior under the provisions of OEC 412, specifically

"(1)   that the defense may offer evidence and argue that the Child-complainant was being investigated for sexually inappropriate behavior at the time the allegations were made and upon which the instant charges were filed against this Defendant;

"(2)   that the Child-complainant had manifested homo-sexual sexual interests; and

"(3)   that the defense may offer evidence and argue that the Child-complainant was found to be within the jurisdiction of this court for a sex crime or related offense, provided, however, that evidence of such finding shall be limited to official court records so holding."

This appeal followed.

The state's primary argument on appeal concerns OEC 412(4)(b), which provides, in part:

"Notwithstanding [OEC 104(2)], if the relevancy of the evidence that the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in camera or at a subsequent hearing in camera scheduled for the same purpose, shall accept evidence on the issue of whether the condition of fact is fulfilled and shall determine the issue."

The state argues that evidence relating to the complainant's prior sexual conduct is irrelevant to defendant's motive theory if the complainant was not aware that he was under investigation for that conduct when he made the allegation against defendant. In other words, in the state's view, the proffered evidence is only conditionally relevant. The state contends that the trial court did not make findings as to when, if ever, the complainant became aware of an investigation into his conduct. It also argues that there is no evidence in the record that would support a finding that the complainant was aware of any investigation that might have been ongoing when he made the allegation against defendant. If the record does contain sufficient evidence to support such a finding, the state argues, we should remand the case

for the trial court to make findings in the first instance. The state also renews the argument that, even if the proffered evidence is relevant, the danger of unfair prejudice outweighs any probative value.[3]

■     Defendant does not challenge the state's premise that the proffered evidence of the investigation is irrelevant if the complainant was not aware of it when he made the allegation against defendant. Rather, he argues that the state failed to preserve the argument that the trial court was required to resolve any factual disputes. He also argues that the trial court implicitly resolved all factual disputes in his favor, implying that the court found that the complainant did know that he was under investigation at the pertinent time.

We reject defendant's contention that the state failed to preserve the argument that the trial court was required to resolve factual disputes. Although the prosecutor failed to respond directly to the trial court's inquiry (as to whether it was "strictly a matter of law for the Court"), she clearly signaled the court immediately thereafter that the factual dispute regarding the investigation of the complainant's conduct with D needed to be resolved. The state had consistently taken the position that there was no ongoing investigation (of the complainant's conduct with D) at the time the complainant made the allegation against defendant. It was implicit in that position that, if the trial court found that an investigation was ongoing at that time, it needed to determine whether the complainant was aware of the investigation.

■     We turn to the state's primary contention on the merits—that defendant's proffered evidence is only conditionally relevant. Defendant does not dispute that argument, and

---

[3] The state makes two other arguments on appeal. It argues that (1) the evidence is irrelevant to defendant's motive theory because defendant failed to establish that the complainant had a particular reason to make the allegation of sexual abuse against defendant, as opposed to anyone else; and (2) defendant's theory does not depend on the proffered evidence, because defendant could have shown that the complainant had a motive to deflect attention away from himself simply because he was in trouble for sneaking out of the house, stealing beer, and becoming intoxicated. The state did not raise those arguments in the trial court, and we decline to address them. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *.").

with good reason. It is beyond reasonable dispute that, if the complainant did not know that he was the subject of an investigation concerning sexual impropriety when he made the allegation against defendant, such an investigation could not have given him a motive to fabricate the allegation. Thus, if he did not know that he was under investigation, evidence of an investigation is irrelevant to defendant's theory of the complainant's motive to fabricate the allegation.[4] It follows that the evidence of an investigation is only conditionally relevant. The trial court erred in concluding otherwise.

■      We turn next to defendant's contention that the trial court implicitly resolved all factual disputes in his favor and, specifically, that the court implicitly found that the complainant was aware of an investigation when he made the allegation against defendant. We disagree. The only evidence in the record from which the court could have made any findings was the portion of the Umatilla County Youth Services records that the court had earlier disclosed to the parties. As defendant himself acknowledges, nothing in the record indicates that the judge presiding over the OEC 412 hearing opened the court's sealed copy of the Youth Services records or considered those documents in arriving at its ruling. All of the "facts" that were before the court consisted of assertions from defense counsel and the prosecutor about what they believed those and other records would show. Furthermore, defendant's counsel agreed that the motion was "strictly a matter of law for the Court," and the court stated that it granted the motion because it found defendant's *argument* to be more persuasive. Accordingly, we conclude that the trial court did not make any findings, implicit or otherwise.

The question of our disposition of this appeal remains. OEC 412(4)(b) prescribes a three-step process. First, the court must determine whether "the relevancy of the

---

[4] It is not clear whether defendant takes the position that, if the complainant was not aware of an investigation when he made the allegation against defendant, evidence that the complainant had "manifested homosexual sexual interests" and that he had been found to be within the jurisdiction of the court for a sex crime or related offense would nonetheless be relevant to defendant's theory that the complainant had a motive to fabricate the allegation. On remand, if the court finds that the complainant was not aware of an investigation, the parties are free to address whether there is an independent basis for admission of those evidentiary matters.

evidence that the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact"—that is, whether the proffered evidence is conditionally relevant. If so, the court then must, "at the hearing in camera or at a subsequent hearing in camera scheduled for the same purpose, * * * accept evidence on the issue of whether the condition of fact is fulfilled" and, finally, "determine the issue." The trial court here did not make any determination as to conditional relevance. Accordingly, it did not engage in the second and third steps of the process prescribed by OEC 412(4)(b). We have concluded that defendant's proffered evidence is only conditionally relevant. It follows that we must remand for the trial court to complete the prescribed process, including taking evidence as to whether the condition of fact is fulfilled.[5]

Finally, the state suggests that, if there is no evidence in the record presently before us to support a finding that the complainant was aware of an investigation when he made the allegation against defendant, we must reverse the trial court's ruling outright. We disagree. Because the trial court did not conclude that defendant's proffered evidence is conditionally relevant—and, thus, did not proceed beyond the first step of the OEC 412(4)(b) process—it did not "accept evidence on the issue of whether [that] condition of fact is fulfilled." Consequently, a remand for an evidentiary hearing, in which the parties can present such evidence, is required.

Order vacated and remanded.

---

[5] On remand, the court must also determine whether the probative value of any evidence that it determines to be relevant is outweighed by the risk of unfair prejudice. *See* OEC 412(4)(c).